## McWilliams *vs.* McWilliams *et al.*

1. Where interrogatories are prepared for a witness, his residence must be stated therein, if known.

(*a.*) It is not necessary to make objection to the interrogatories on that ground before the issuance of commission. We would suggest, however, that it would be well to enlarge the rule of court so as to require all objections which go to the application for a commission to be made before such commission is issued.

2. Where a husband and father, as head of his family, applied for a homestead, a failure to allege out of whose property it was to be carved was not such a fatal defect as would render the proceeding void. The presumption would be that the homestead was to be carved out of his estate.

(*a.*) Especially was the proceeding not void in this case where the application asked that a homestead should be set apart out of the place on which the applicant lived.

Interrogatories. Practice in Superior Court. Homestead. Presumption. Before Judge HARRIS. Coweta Superior Court. September Term, 1881.

Reported in the decision.

v 68—31

R. S. BURCH; J. W. POWELL; W. A. TURNER, for plaintiff in error.

J. B. S. DAVIS; J. S. BIGBY, for defendants.

JACKSON, Chief Justice.

Two questions are made in the motion for a new trial in this case : first, must interrogatories state the place of residence of witness, and if so, must the objection to their admissibility be made before commission issues, as in case of leading questions? and secondly, where husband and father applies for homestead must the application show out of whose property it is to be carved, and without such affirmative allegation is the homestead void?

1. In respect to the first question the Code is explicit that the residence must be stated if known, Code, §387ç; but it is insisted that objection should be made as in case of leading questions when the party is served with the interrogatories. The rule of court which requires that objection to leading questions must be made before the issue of commission does not embrace the residence of the witness. We cannot say, therefore, that the law requires the objection to be then made in positive terms ; but the reason on which that rule is founded ought to cover it, and it would be well to extend the rule to embrace this and all other objections which go to the application for the commission and not to the execution of it afterward. It is not for us, however, to make the rules for the superior courts, but only to construe them ; and we cannot construe this rule to embrace this subject matter, because it is confined to leading questions.

2. The second point is covered by the ruling at the last term in the case of *Wilder & Sons vs. Frederick,* not yet reported. There it is ruled that where the husband and father applies, the presumption is that the application is that the homestead be carved out of his own property ; and it must be so, because the head of the family is usu-

·ally the owner ·of the property of the household, and he has no right to have it taken out of any other property than his own.   In this case that presumption is strengthened by the allegation in the application that it is to be carved out of the property, describing it fully, "where he resides." That notifies all creditors, and it is for them to take notice that their debtor's residence and the surrounding lands described are about to be taken from under the cover of their claims, and they must govern themselves accordingly.   If the application, therefore, was sufficiently explicit, it and the balance of the record of the homestead estate, there being no other objection raised, should have gone to the jury, and the court erred in rejecting them.

Judgment reversed.